**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4944**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

CARL QUENTIN WOODS, a/k/a Q, a/k/a Carl Quentin Davis,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Joseph F. Anderson, Jr., District
Judge.  (3:12-cr-00040-JFA-2)

———————

Submitted:  July 24, 2014           Decided:  July 28, 2014

———————

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

William W. Watkins, Sr., WILLIAM W. WATKINS, PA, Columbia, South
Carolina, for Appellant.  William Kenneth Witherspoon, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Quentin Woods pled guilty to two counts of using a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) (2012) and aiding and abetting under 18 U.S.C. § 2 (2012). He was sentenced to a total of 384 months of imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but raising the following issues: (1) whether the appeal in the case was timely filed; (2) whether Woods' guilty plea was conducted in compliance with Fed. R. Crim. P. 11; and (3) whether Woods' sentence was properly imposed and substantively reasonable. For the following reasons, we affirm.

Regarding the first issue, we agree with Anders counsel that the notice of appeal is late. In criminal cases, the defendant must file the notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to thirty days to file a notice of appeal. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985). Here, the district court entered judgment on August 22, 2013. Woods filed the notice of appeal, at the earliest, on November 25, 2013, after both the fourteen-day appeal period and

2

the thirty-day excusable neglect period had expired. Because the Government has not filed a motion to dismiss on this basis, we consider this appeal on the merits.

Second, because Dixon did not seek to withdraw his guilty plea or otherwise preserve any allegation of Rule 11 error, this court reviews his plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). Our review of the record reveals that the district court substantially complied with Rule 11 and that Woods knowing and voluntarily pled guilty.

Finally, we find that Woods' sentence was reasonable. We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. We first assess the procedural reasonableness of a sentence, whether the district court properly calculated the Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) (2012) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49–50; see United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). We next consider the substantive reasonableness of the sentence, examining the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the

3

sentence it chose satisfied the § 3553(a) standards. United States v. Mendoza–Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). If the sentence is within the Guidelines range, we presume on appeal that the sentence is reasonable. See Rita v. United States, 551 U.S. 338, 346–56 (2007) (permitting appellate presumption of reasonableness for within-Guidelines sentence). We find that the sentence is procedurally and substantively reasonable and note that Woods asked for and received the statutory mandatory minimum sentence for both counts, 84 months for Count 5, for brandishing under § 924(c)(1)(A)(ii), and 300 months to be served consecutively (25-year sentence because it is a second or successive § 924(c) offense under § 924(c)(1)(C)(i)) for Count 9, for discharging under § 924(c)(1)(A)(iii).

In accordance with Anders, we have reviewed the record in this case, including the issues raised in Woods' pro se supplemental briefs, and have found no meritorious issues for appeal. This court requires that counsel inform Woods, in writing, of the right to petition the Supreme Court of the United States for further review. If Woods requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Woods. We dispense with

4

oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED